IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD THOMAS TRUETT, JR.** | : | |
| **Plaintiff** | : | |
| | : | No. 1:22-cv-00541 |
| v. | : | |
| | : | (Judge Kane) |
| **WILLIAM BECHTOLD, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

On April 12, 2022, pro se Plaintiff Richard Thomas Truett, Jr. ("Truett"), who is presently detained awaiting trial on criminal charges in the Franklin County Prison ("FCP" or "the prison"), initiated the above-captioned action by filing a complaint against four defendants. (Doc. No. 1.) Truett's claim against Defendant William Bechtold arises from the conditions of his confinement in FCP, while his claims against the other three defendants arise from the arrest that initiated his pending criminal charges. (Id.) Truett also filed a motion for leave to proceed in forma pauperis and a motion for appointment of counsel. (Doc. Nos. 2, 4.) By separate Order, the Court has denied the motion for appointment of counsel without prejudice. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court now performs its mandatory screening of Truett's complaint. For the reasons set forth below, the Court will grant Truett's motion for leave to proceed in forma pauperis, dismiss Truett's claims against Defendant Bechtold without prejudice for Truett's failure to allege Bechtold's personal involvement, dismiss Truett's claims against all other defendants without prejudice as misjoined under Federal

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

Rule of Civil Procedure 20, and grant Truett leave to file an amended complaint with respect to his claims against Bechtold.

I.      LEGAL STANDARD

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  See 28 U.S.C. § 1915A(a).  If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint.  See id. § 1915A(b)(1).  District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions.  See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See, e.g., Smithson v. Koons, No. 15-cv-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth

under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by

3

lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

## II. DISCUSSION

### A. Truett's Complaint

Truett's complaint contains two groups of claims that are completely distinct from one another. First, with respect to Defendant Bechtold, Truett alleges that from March 7, 2022 through to the present day, he has been subjected to noise from an air compressor every 2-3 hours, which lasts for four minutes and thirty seconds every time. (Doc. No. 1 at 4.) This excessive noise has caused Truett to experience anxiety, lack of sleep, agitation, and jumpiness.

(Id.)  He alleges that he has informed several prison officials about the noise and has filed a grievance about it, none of which has remedied the situation.  (Id.)  Defendant Bechtold, the warden of the prison, is one of the officials to whom Truett has purportedly complained about the excessive noise.  (Id. at 5.)  Truett asserts that the excessive noise constitutes cruel and unusual punishment in violation of his constitutional rights.  (Id. at 8.)

Truett's claims against the other defendants arise from the arrest that initiated his pending criminal charges.  He alleges that on September 28, 2020, he was stopped in his vehicle by Defendant police officers Hilliard and McDonald for a "muffler issue."  (Id. at 4.)  During the ensuing traffic stop, Defendants Hilliard and McDonald allegedly searched Truett's vehicle, despite Truett repeatedly stating that he did not consent to such a search.  (Id.)  Hilliard and McDonald then allegedly found "white residue," which was subsequently used as the basis for drug charges against Truett.  (Id.)  Truett alleges that Hilliard and McDonald did not have probable cause to search his vehicle.  (Id.)

Following the arrest by Hilliard and McDonald, Truett "attempted to file a complaint" against the officers based on the arrest.  (Id. at 6.)  Defendant Glenny, who was allegedly the chief of the officers' police department, purportedly responded that Truett was "beat" because he was on state parole at the time of the arrest.  (Id.)  Truett brings constitutional claims against Hilliard and McDonald for allegedly arresting him without probable cause and against Glenny for not taking action against Hilliard and McDonald.  (Id. at 8.)

**B.      Misjoinder**

At the outset, the Court finds that Truett's complaint violates Federal Rule of Civil Procedure 20.  Under Rule 20, claims against multiple defendants may be joined in the same action only if:

> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> **(B)** any question of law or fact common to all defendants will arise in the action.

See Fed. R. Civ. P. 20(a)(2). Truett's claims do not meet this standard. His claims against Defendant Bechtold arise from the conditions of his confinement and his claims against the other defendants arise from his arrest. There is no right to relief asserted against the defendants jointly, severally, or arising out of the same transaction or occurrence, nor is there any question of law or fact that will arise in the action with respect to all of the defendants. To the contrary, the claims against Defendant Bechtold appear to be entirely distinct from the claims against the other defendants. Accordingly, the Court finds that the complaint violates Rule 20.

Misjoinder of claims, however, is not grounds for dismissal of the entire action. See Fed. R. Civ. 21; Sabolsky v. Budzanoski, 457 F.2d 1245, 1249 (3d Cir. 1972). Rather, a district court has two options when a plaintiff has misjoined claims: (1) "drop" the misjoined parties from the case on "just terms" or (2) sever the claims into separate lawsuits. See Fed. R. Civ. P. 21; DirecTV, Inc. v. Leto, 467 F.3d 842, 845 (3d Cir. 2006). When a party is dropped under Rule 21, he is dismissed from the case without prejudice. See DirecTV, Inc., 467 F.3d at 845 (citing Publicker Indus., Inc. v. Roman Ceramics Corp., 603 F.2d 1065, 1068 (3d Cir. 1979)). The statute of limitations for claims against that defendant is not tolled because the initial complaint is treated "as if it never existed." See id. (quoting Brennan v. Kulick, 407 F.3d 603, 606 (3d Cir. 2005)). When, on the other hand, the claims are severed, "the suit simply continues against the severed defendant in another guise." See id. (citing White v. ABCO Eng'g Corp., 199 F.3d 140, 145 n.6 (3d Cir. 1999)).

6

District courts have discretion to choose whether misjoined claims should be dismissed or severed. See id. Courts may only dismiss misjoined claims, however, if doing so would be just, "that is, *if doing so 'will not prejudice any substantial right'*" of the plaintiff. See id. (emphasis in original) (quoting Sabolsky, 457 F.2d at 1249). "Hence, a court must analyze the consequences of a dismissal on a claimant's ability to meet the statute of limitations prior to choosing dismissal over severance." Id.

Here, the Court will dismiss the claims against all defendants other than Defendant Bechtold under Rule 21. Truett's claims are civil rights claims under 42 U.S.C. § 1983, which are subject to a two-year statute of limitations in Pennsylvania federal courts. See Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017). His claims arise from his arrest on September 28, 2020. See (Doc. No. 1.) Accordingly, dismissal of the misjoined claims will not impact Truett's ability to refile the claims in a separate lawsuit, as the limitations period will not expire for several months. The Court will therefore exercise its discretion under Rule 21 and dismiss the claims against all defendants other than Bechtold without prejudice.

C. **Personal Involvement**

Having reviewed Truett's remaining claim against Defendant Bechtold under the screening provisions of 28 U.S.C. § 1915, the Court will dismiss the claim based on Truett's failure to allege Bechtold's personal involvement. A defendant cannot be liable for a violation of a plaintiff's civil rights unless the defendant was personally involved in the violation. See Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 289 (3d Cir. 2018). The defendant's personal involvement cannot be based solely on a theory of respondeat superior. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, for a supervisor to be liable for the actions of a subordinate, there must be evidence of personal direction or actual knowledge and

acquiescence. See id. A defendant's after-the-fact review of a plaintiff's grievance is not sufficient to establish the defendant's personal involvement. See Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020).

In this case, Truett's complaint fails to allege that Defendant Bechtold was personally involved in the alleged violation of his civil rights. Based on the allegations in the complaint, it appears that Bechtold's only involvement in the facts of this case was that he reviewed Truett's grievance regarding the noise from the air compressor, which is insufficient to allege personal involvement. See id. The fact that Bechtold occupied a supervisory role in the prison is also not sufficient to establish his personal involvement, as personal involvement in a Section 1983 action cannot be based solely on a theory of respondeat superior. See Rode, 845 F.2d at 1207. Accordingly, the Court will dismiss the claim against Bechtold.

### D.     Leave to Amend

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962). The Court may deny a motion to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id. The Court should also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion

to dismiss for failure to state a claim upon which relief may be granted.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Here, the Court cannot conclude that further amendment would be futile or unjust with respect to Truett's claim against Defendant Bechtold.  Accordingly, Truett will be granted leave to file an amended complaint.  Truett is advised that the amended complaint must be complete in all respects.  It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed.  The amended complaint should set forth Truett's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure.  Each paragraph should be numbered.  It should specify which actions are alleged as to the defendant and sufficiently allege personal involvement of the defendant in the acts that Truett claims violated his rights.  Mere conclusory allegations will not set forth a cognizable claim.  If Truett fails to file an amended complaint, this case will be dismissed without prejudice.

### III.   CONCLUSION

For the foregoing reasons, the Court will dismiss Truett's complaint (Doc. No. 1) without prejudice and grant Truett leave to amend his claim against Defendant Bechtold.  An appropriate Order follows.

                                                 s/ Yvette Kane
                                                 Yvette Kane, District Judge
                                                 United States District Court
                                                 Middle District of Pennsylvania